IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Daniel J. Philipps, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 5916 |
| Client Services, Inc., a Missouri corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

### COMPLAINT

Plaintiff, Daniel J. Philipps, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Daniel J. Philipps ("Philipps"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to ATT/Cingular.

4. Defendant, Client Services, Inc. ("Client Services"), is a Missouri corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts throughout the nation, including throughout the State of Illinois. In fact, Client Services was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Philipps.

5. Defendant Client Services is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Defendant Client Services is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7. On June 19, 2007, another debt collection agency, First Revenue Assurance, LLC ("FRA"), began attempting to collect a debt Mr. Philipps allegedly owed to ATT/Cingular. Due to the fact that Mr. Philipps did not recognize the debt, one of his attorneys wrote a letter to FRA, disputing the validity of the debt and requesting verification of the debt. Copies of this letter and the fax and certified mail confirmations are attached as Exhibit C. FRA failed to produce any evidence that the debt was owed and, instead, ceased collection actions against Mr. Philipps.

8. Almost two years later, Defendant Client Services began trying to collect the same disputed account from Mr. Philipps, by sending him an initial form collection

letter, dated April 10, 2009, demanding payment of the alleged ATT/Cingular debt. A copy of this letter is attached as Exhibit D.

9. On May 1, 2009, one of Mr. Philipps' attorneys wrote a letter to Defendant Client Services to advise it that he was represented by counsel, and to dispute the validity of the debt and demand proof that the debt was even owed. Copies of this letter and the fax and certified mail confirmations are attached as Exhibit E.

10. On September 1, 2009, Defendant Client Services sent, directly to Mr. Philipps, its "proof" that the debt was owed, namely a purported "account statement" from ATT/Cingular, from January, 2007, which is actually a computer-generated facsimile/summary statement that had never heretofore been sent to him. Copies of this letter and the purported account statement are attached as Exhibit F

11. All of the collection actions at issue occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

13. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

14. Defendant knew that Mr. Philipps was represented by counsel in connection with this debt, because his attorneys had informed Defendant, in writing (Exhibit E), that he was represented by counsel, and had directed Defendant to cease

all collection activities and to cease directly communicating with Mr. Philipps. By directly sending Mr. Philipps the September 1, 2009 letter, despite being advised that Mr. Philipps was represented by counsel, Defendant Client Services violated § 1692c(a)(2) of the FDCPA.

15. Defendant Client Services' violation of § 1692c(a)(2) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Daniel J. Philipps, prays that this Court:

1. Find that Defendant Client Services' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Philipps, and against Defendant Client Services, for damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Daniel J. Philipps, demands trial by jury.

    Daniel J. Philipps,
    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: September 23, 2009

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

4